UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
SARAH MONGER and MANUEL
OSEGUEDA, individually and on behalf
of others similarly situated persons,

                         Plaintiffs,

   -against-

CACTUS SALON & SPA'S LLC,
MANE, INC., and JOSEPH SECRETI,

                      Defendants.
-------------------------------------------------X

Civil Action No.: 08 CV 1817
(FB) (WDW)

NOTICE OF MOTION

## NOTICE OF MOTION FOR NOTICE PURSUANT TO SECTION 216(b) OF THE FLSA

PLEASE TAKE NOTICE, that on the ____ day of _____, 2008, at _____ a.m./p.m., or as soon thereafter as counsel can be heard, the Plaintiffs will move this Court, at Courtroom No. _____, United States Courthouse, at 225 Cadman Plaza East, Brooklyn, New York for an Order (1) conditionally certifying this action as a collective action on behalf of all hair stylist/shampoo assistants who worked overtime hours without receiving overtime pay for all of those hours, (2) directing the Defendants to produce to Plaintiffs a written printout of the names, addresses, alternate addresses and all telephone numbers for all hair stylist/shampoo assistants within fourteen (14) days, (3) approving the proposed notice and consent form attached to this motion and authorizing the Plaintiffs to distribute and post it, and (4) ordering the Defendant to refrain from engaging in communications or activities that may improperly influence, mislead or discourage putative Plaintiffs from joining this action, together with such other, further, and/or different relief as to this Court deems just and proper.

Dated: Westbury, New York
       October 10, 2008

By their attorneys,



Neil H. Greenberg (NY 1778398)
Justin M. Reilly (NY 3031432)
**NEIL H GREENBERG & ASSOC. P.C.**
900 Merchants Concourse, Suite 214
Westbury, NY 11590
Telephone: (516) 228-5100
Facsimile: (516) 228-5106


Philip J. Gordon (MA 630989 & NY 4181871)
       (pending admission *pro hac vice*)
Kristen M. Hurley (MA 658237)
       (pending admission *pro hac vice*)
**GORDON LAW GROUP LLP**
585 Boylston Street
Boston, Massachusetts 02116
Telephone: (617) 536-1800
Facsimile: (617) 536-1802


TO:    Franklin Gringer & Cohen, P.C.
       666 Old Country Road, Suite 202
       Garden City, New York 11530

       Steve Zissou & Associates
       42-40 Bell Boulevard
       Bayside, New York 11361

Neil H. Greenberg (NY 1778398)
Justin M. Reilly (NY 3031432)
**NEIL H GREENBERG & ASSOC. P.C.**
900 Merchants Concourse, Suite 214
Westbury, NY 11590

Telephone: (516) 228-5100
Facsimile: (516) 228-5106
Email: ngreenberg@nhglaw.com
Email: justin@nhglaw.com

Philip J. Gordon (NY 4181871 & MA
630989) (admitted *pro hac vice*)
Kristen M. Hurley (MA 658237)(admitted
*pro hac vice*)
**GORDON LAW GROUP LLP**
585 Boylston Street
Boston, Massachusetts 02116

Telephone: (617) 536-1800
Facsimile: (617) 536-1802
Email: pgordon@gordonllp.com
Email: khurley@gordonllp.com

*Attorneys for the Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SARAH MONGER and MANUEL OSEGUEDA, individually and on behalf of others similarly situated persons,<br><br>Plaintiffs,<br><br>-against-<br><br>CACTUS SALON & SPA'S LLC, MANE, INC., and JOSEPH SECRETI,<br><br>Defendants. | Civil Action No.: 08 CV 1817 (FB) (WDW) |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR NOTICE PURSUANT TO SECTION 216(b) OF THE FLSA

### I.   INTRODUCTION

The Plaintiffs, Sarah Monger and Manuel Osegueda ("Plaintiffs"), have brought

this action claiming, among other things, violations of the Fair Labor Standards Act on

behalf of themselves and all other similarly situated individuals that have been employed

as hair stylists and/or shampoo assistants by Cactus Salon & Spa's LLC, Mane, Inc. and

Joseph Secreti (together, "Defendants") in Defendants' New York locations for the period beginning May 5, 2005 and ending on the date this action is finally resolved.

Unlike a traditional class action, collective action claims under the Fair Labor Standards Act ("FLSA") are not tolled with the filing of a complaint. See 29 U.S.C. § 256. Instead, each individual worker must opt in to the case to preserve his or her claim under the relatively short statute of limitations under the FLSA (two years, unless the violations are willful, in which case the statute is extended to three years). See 29 U.S.C. § 255(a). For this reason, the timing of the attached notice is critical, as without preliminary notice of the law suit, every day that passes for an individual not part of the suit results in a progressive loss of overtime claims under the Fair Labor Standards Act, 29 U.S.C. § 207, et. sec.("FLSA"). See 29 U.S.C. § 256 (collective action claims under FLSA are not tolled with the filing of a complaint); 29 U.S.C. § 255(a) (each individual worker must opt-in to the case to preserve his or her claim under FLSA's relatively short statute of limitations).

Accordingly, pursuant to the FLSA, the Plaintiffs hereby seek entry of an Order from this Court: (1) conditionally certifying this action as a collective action on behalf of all hair stylists and/or shampoo assistants who worked overtime hours without receiving overtime pay for all of those hours for the period beginning May 5, 2005 and ending on the date this action is finally resolved ("FLSA Collective"); (2) directing the Defendants to produce to Plaintiffs a written printout of the names, addresses, alternate addresses and all telephone numbers for all hair stylists and/or shampoo assistants; (3) approving the proposed notice and consent form attached as Exhibit "A", and authorizing Plaintiffs to distribute and post it; and (4) ordering Defendant to refrain from engaging in

2

communications or activities that may improperly influence, mislead or discourage putative plaintiffs from joining this action

## II.    STATEMENT OF FACTS

**A.    Sarah Monger worked for Defendants as a hair stylist more than 40 hours per week and did not receive proper compensation for her overtime hours.**

The Plaintiff, Sarah Monger (hereinafter "Ms. Monger"), was employed by the Defendant as a hair stylist. *Declaration of Sarah Monger,* attached hereto as Exhibit "B", at ¶ 2. Ms. Monger performed all of her work at the Defendants' salon located at 371 South Oyster Bay Road, Plainview, New York. *Declaration of Sarah Monger* attached hereto as Exhibit "B", at ¶ 4.

As a hair stylist, Ms. Monger's, primary job duties were to: cut, style, highlight, and blow-out hair for Defendant's customers. *Declaration of Sarah Monger* attached hereto as Exhibit "B", at ¶ 9. Ms. Monger did not perform any work related to the general business operations or management of the Defendant, and she did not supervise any of the Defendant's employees. *Declaration of Sarah Monger* attached hereto as Exhibit "B", at ¶ 10.

Ms. Monger regularly worked more than forty hours a week for the Defendant. *Declaration of Sarah Monger* attached hereto as Exhibit "B", at ¶ 6. Despite the fact that Ms. Monger did not exercise any independent discretion in her job, perform work related to the general business operations of her employer, or supervise employees, she did not receive compensation for her overtime hours. *Declaration of Sarah Monger* attached hereto as Exhibit "B", at ¶ 7, 10.

3

**B.**     **Manuel Osegueda worked for Defendants as a shampoo assistant more than 50 hours per week and did not receive proper compensation for his overtime hours.**

The Plaintiff, Manuel Osegueda (hereinafter "Mr. Osegueda"), was employed by the Defendant as a shampoo assistant. *Declaration of Manuel Osegueda,* attached hereto as Exhibit "C", at ¶ 2.  Mr. Osegueda performed most of his work at the Defendants' salon located at 371 South Oyster Bay Road, Plainview, New York. *Declaration of Manuel Osegueda*, attached hereto as Exhibit "C", at ¶ 4.

As a shampoo assistant, Mr. Osegueda's, primary job duties were to: wash hair, sweep, clean, and do laundry. *Declaration of Manuel Osegueda*, attached hereto as Exhibit "C", at ¶ 10.  Mr. Osegueda did not perform any work related to the general business operations or management of the Defendant, and he did not supervise any of the Defendant's employees. *Declaration of Manuel Osegueda* attached hereto as Exhibit "C", at ¶ 11.

Mr. Osegueda regularly worked more than fifty (50) hours a week for the Defendant. *Declaration of Manuel Osegueda* attached hereto as Exhibit "C", at ¶ 6.  Despite the fact that Mr. Osegueda did not exercise any independent discretion in his job, perform work related to the general business operations of his employer, or supervise employees, he did not receive compensation for his overtime hours. *Declaration of Manuel Osegueda* attached hereto as Exhibit "C", at ¶ 8.

4

C.   **The Defendants operate 26 salons in New York and subject all of their hair stylists and shampoo assistants to the same uniform wage and hour policies and practices.**

The Defendants have been operating in New York in 26 different locations. See Plaintiffs' Complaint, Docket #1, at ¶ 1 and Defendants' Answer to Complaint, Docket #3, at ¶ 1.

The Plaintiffs believe that there are many other people who have been employed by the Defendant as hair stylists and shampoo assistants, who perform the same duties and who have not received proper compensation for all of the hours they worked. *Declaration of Sarah Monger* attached hereto as Exhibit "B", at ¶¶ 9, 10, 13, and 14 and *Declaration of Manuel Osegueda* attached hereto as Exhibit "C", at ¶¶10, 15, and 16.

Like Plaintiffs, these employees have also worked more than forty hours a week, yet they have not received compensation for their overtime hours. *Declaration of Sarah Monger* attached hereto as Exhibit "B", at ¶¶ 9,10,13,14 and *Declaration of Manuel Osegueda* attached hereto as Exhibit "C", at ¶ 10, 15, and 16.

Plaintiffs have met employees from other Cactus Salon locations at classes held for Defendants' employees and at the Defendants' holiday party. *Declaration of Sarah Monger* attached hereto as Exhibit "B", at ¶¶ 11, 12, 13, and 14 and *Declaration of Manuel Osegueda* attached hereto as Exhibit "C", at ¶¶ 13, 14, 15, and 16.  The Plaintiffs believe that the hair stylists and shampoo assistants at the Defendants' locations were and are subject to the same policies, procedures, and pay rates that they were subjected to. *Declaration of Sarah Monger* attached hereto as Exhibit "B", at ¶¶ 11, 12, 13, and *Declaration of Manuel Osegueda* attached hereto as Exhibit "C", at ¶¶ 13, 14, 15, and 16.

5

In addition, Mr. Osegueda was originally hired to work at a Cactus Salon located on Jericho Turnpike in Syosset, New York.  Mr. Osegueda believes that his job as a shampoo assistant for the salon on Jericho Turnpike had the same duties, schedules and pay rates as the position at South Oyster Bay. *Declaration of Manuel Osegueda* attached hereto as Exhibit "C", at ¶ 4 and 12.

## III.    ARGUMENT

### A.    Standard for Certification under the FLSA

The Plaintiffs in this action seek to recover unpaid overtime compensation owed by the Defendants to them and other similarly situated individuals who were employed by the Defendants pursuant to FLSA, 29 U.S.C. § 207, *et sec.*

29 U.S.C. § 216(b) provides that any employer who fails to pay its employees overtime compensation, "Shall be liable to the employee or employees affected in the amount of…their unpaid overtime compensation,…and an additional equal amount as liquidated damages."  29 U.S.C. § 216(b) further provides that "[a]n action…may be maintained against any employee…by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

While at first glance the recovery mechanism set forth in this statute appears to be the same as that in a traditional class action, it is not.  "Unlike class action suits brought pursuant to Federal Rule of Civil Procedure 23, only potential plaintiffs who affirmatively 'opt-in' by filing a written consent may be bound by or benefit from the judgment in an FLSA collective action."  Summa v. Hofstra University, 2008 U.S. Dist. Lexis 62591, *4 (E.D.N.Y., August 14, 2008).  As such, collective action claims under the FLSA are not tolled with the filing of a complaint.  See 29 U.S.C. § 256 (the FLSA

collective action "shall be considered commenced in the case of any individual claimant" only when the claimant files a written consent with the court).

Instead, each individual worker must opt in to the case to preserve his or her claim under the relatively short statute of limitations under the FLSA (two years, unless the violations are willful, in which case the statute is extended to three years). See 29 U.S.C. § 255(a). Thus, every day that passes results in a progressive loss of FLSA claims for overtime wages owed to prospective collective action members for work performed more than two or three years earlier.

As a result, the United States Supreme Court, recognizing the "broad remedial purpose" of the FLSA and in light of the "wisdom and necessity for early judicial intervention," determined that courts have the discretion to manage the notice process to give prospective class members and opportunity to join. Hoffman-La-Roche Inc. v. Sperling, 493 U.S. 165, 171-173 (1989), Levy v. Verizon Information Services, Inc., 2007 U.S. Dist. LEXIS 43223, * 8 (E.D.N.Y., June 13, 2007).

"In determining whether a matter should proceed as a collective action, courts follow a two-step process, looking first to the pleadings and affidavits to determine whether the putative class members are 'similarly situated.'" Laroque v. Domino's Pizza, LLC, 2008 U.S. Dist. LEXIS 42924, ** 12, (E.D.N.Y. 2008), Jacobs v. New York Foundling Hospital, 483 F. Supp. 2d 251, 265 (E.D.N.Y. 2007) (citing Lee v. ABC Carpet & Home, 236 F.R.D. 193, 197 (S.D.N.Y. 2006). "If the plaintiffs can satisfy a minimal burden of showing that they are similarly situated to the potential class members, the court certifies the class and provides for notice to be sent to the potential class members who are then given the chance to opt in to the action." Id at **13.

7

"Plaintiffs' burden is minimal because the determination that the parties are similarly situated is merely a preliminary one that may be modified or reversed at the second certification stage." Levy at *9.

"Although neither FLSA nor its implementing regulations define the term 'similarly situated,' courts in this Circuit "have held that plaintiffs can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." Iriarte v. Redwood Deli and Catering, Inc., 2008 U.S. Dist. LEXIS 50072, *5 (E.D.N.Y. June 30, 2008).

"At this conditional certification stage, the focus of the inquiry "is not on whether there has been an actual violation of law but rather on whether the proposed plaintiffs are 'similarly situated' under 29 U.S.C. § 216(b) with respect to their allegations that the law has been violated." Levy at *10. As such, "[c]ourts regularly grant motions for approval of a collective action notice 'based upon employee affidavits setting forth a defendant's plan or scheme to not pay overtime compensation and identifying by name similarly situated employees.'" Sobczak v. AWL Industries, Inc., 540 F. Supp. 2d 354, 362 (E.D.N.Y. 2007).

**B.      The Plaintiffs have made the requisite showing that the putative class members were victims of a single decision, policy or plan that violated the law – that they are all similarly situated individuals.**

In the case at bar, the Complaint, the Answer to the Complaint and the testimony contained the Declarations of Sarah Monger and Manuel Osegueda establish that they and other members of the FLSA hair stylist/shampoo assistant/colorist class (the "FLSA Collective") were all similarly situated employees and were all "victims of a single

8

decision, policy or plan that violated the law." Iriarte at *5. These documents establish that:

1.  The Defendant employed the Plaintiffs and other members of the FLSA Collective.  (Complaint ¶ 1; Answer to Complaint ¶ 1)

2.  There are estimated to be at least 500 members of the FLSA Collective. (Complaint ¶ 44)

3.  The primary duties of the Plaintiffs and all other FLSA Collective members are to cut, style, highlight blow-out hair, wash and shampoo hair, clean and sweep floors and wash laundry. (Complaint ¶¶ 21-22 ; *Declaration of Sarah Monger* at ¶ 9, *Declaration of Manuel Osegueda* at ¶ 10)

4.  The Plaintiffs regularly worked more than forty hours a week. (Complaint ¶23 ; *Declaration of Sarah Monger* at ¶ 6, *Declaration of Manuel Osegueda* at ¶ 6)

5.  The Defendant has not paid the Plaintiffs for their overtime hours.  (Complaint ¶ 24; *Declaration of Sarah Monger* at ¶ 7, *Declaration of Manuel Osegueda* at ¶ 8)

6.  During the FLSA Class Period, the duties of the Plaintiffs and the FLSA Collective members they seek to represent have been essentially the same and they have been paid in the same manner under the same employment policies and procedures. (Complaint ¶¶ 34-36 ; *Declaration of Sarah Monger* at ¶¶ 9,10,13, and 14, *Declaration of Manuel Osegueda* at ¶¶ 10, 12, 15, and 16)

9

7.  The Plaintiff and all FLSA Collective members have been the victims of a single illegal policy of the Defendant – its refusal to to pay overtime wages as required by FLSA. (Complaint ¶ 40; *Declaration of Sarah Monger* at ¶¶ 9,10,11, and 14, *Declaration of Manuel Osegueda* at ¶¶ 10, 12, 15, and 16)

Finally, it is important to note that this case will involve two relatively straight forward legal issues which will effect all of the FLSA Collective members working for the Defendant. These issues include, whether hair stylist/shampoo assistant's (1) are exempt from FLSA's overtime requirements, and (2) regularly work more than forty hours a week.

The factual characteristics of the putative class members are identical: hair stylist/shampoo assistant employed by the Defendant who regularly work more than forty hours a week, are not exempt and yet do not receive overtime compensation. The putative class members are all subject to the same overtime policy at the Defendant. The Plaintiff has made sufficient allegations that this policy violates FLSA. Accordingly, the Court should preliminarily certify the collective.

## IV.  CONCLUSION

For the foregoing reasons, the Plaintiffs respectfully request that this Court:

1.  Conditionally certify this action as a collective action on behalf of all hair stylist/shampoo assistants who worked overtime hours without receiving overtime pay for all of those hours for the period beginning May 5, 2005 and ending on the date this action is finally resolved ("FLSA Collective")

      2.      Direct the Defendants to produce to Plaintiffs a written printout of

the names, addresses, alternate addresses and all telephone numbers for all hair

stylist/shampoo assistants within 14 days.

      3.      Approve the proposed notice and consent form attached as <u>Exhibit</u>

<u>A</u>, and authorize Plaintiffs to distribute and post it; and

      4.      Order Defendants to refrain from engaging in communications or

activities that may improperly influence, mislead or discourage putative plaintiffs from

joining this action.

Dated: Westbury, New York
       October 10, 2008

By their attorneys,

_____

Neil H. Greenberg (NY 1778398)
Justin M. Reilly (NY 3031432)
**NEIL H GREENBERG & ASSOC. P.C.**
900 Merchants Concourse, Suite 214
Westbury, NY 11590
Telephone:  (516) 228-5100
Facsimile:  (516) 228-5106

Philip J. Gordon (MA 630989 & NY 4181871)
      (admitted *pro hac vice*)
Kristen M. Hurley (MA 658237)
      (admitted *pro hac vice*)
**GORDON LAW GROUP LLP**
585 Boylston Street
Boston, Massachusetts 02116
Telephone:  (617) 536-1800
Facsimile:  (617) 536-1802

11

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

# If you were employed by Cactus Salon & Spa
# a lawsuit may affect your rights.

*A court authorized this notice.  This is not a solicitation from a lawyer.*

- Former employees of Cactus Salon & Spa's LLC, have sued the company and its owner claiming that Cactus Salon failed to pay its hair stylists and shampoo assistants overtime wages for all hours worked, as well as minimum wages and regular wages.

- Cactus Salon's records show that you currently work, or previously worked, as a hair stylist or shampoo assistant at any time since May 5, 2005.

- This notice informs you of the existence of the lawsuit.  It also explains what you need to do to participate, or not participate, and how your rights may be affected.

- The Court has <u>not</u> yet decided whether Cactus Salon did anything wrong, and Cactus Salon denies all of the claims.

- There is no money available now, and no guaranteed that there will be.  However, your legal rights may be affected, and **you have a choice to make now**.

# Instructions are listed inside.
# Please read them all carefully.

If you have any questions, you may contact the attorneys representing the Plaintiffs at:

Justin Reilly, Esq.
**NEIL H GREENBERG & ASSOC. P.C.**
900 Merchants Concourse, Suite 214
Westbury, NY 11590
Telephone:  (516) 228-5100

Philip J. Gordon, Esq.
**GORDON LAW GROUP LLP**
585 Boylston Street
Boston, Massachusetts 02116
Telephone:  (617) 536-1800

**1.    Why are you getting this Notice?**

This Notice is to inform you of a collective action lawsuit brought on behalf of hair stylists and shampoo assistants who worked at Cactus Salon and Spa's LLC ("Cactus Salon"). The Notice explains how your rights may be affected by this lawsuit, and informs you of the procedure for joining the suit if you want to participate.

**2.    Why is there a lawsuit?**

Two former salon workers claim that, among other things, Cactus Salon and its owners failed to pay overtime compensation to its hair stylists and shampoo assistants when they worked more than forty hours in a week, and that Cactus Salon also failed to pay them minimum wages. The individuals who brought the lawsuit are Sarah Monger and Manuel Osegueda (together, the "salon workers").

Federal overtime laws require, with some exceptions, that when someone works more than 40 hours per week, his or her employer must pay 1 ½ times his or her regular hourly pay rate for every hour over 40. In addition, federal minimum wage laws require that when someone works, his hourly pay must not fall below a certain dollar amount per hour. Plaintiffs claim that they are entitled to recover overtime pay and minimum wages. They also claim that they are entitled to liquidated damages (double the amount of the unpaid wages) and attorneys' fees.

In addition to the federal claim for overtime pay, the salon workers have also brought various claims under New York state law, including claims for overtime pay, nonpayment of New York's minimum wage and regular wages, breach of contract and violations of New York's statutes and rules dealing with tips and gratuities. If you decide not to sign the Consent Form to join the lawsuit, this will affect only your participation in the federal overtime claim and may not apply to other claims in the case.

Cactus Salon denies that it has improperly paid any current or former hair stylists and shampoo assistants, and denies that any hair stylist or shampoo assistant is entitled to additional compensation.

**3.    What happens if I return the Consent Form and join the lawsuit?**

If the Court finds that you should have been but were not paid overtime and/or minimum wages, the Court will award you damages. Of course, you will be bound by any judgment or settlement, whether favorable or unfavorable. In addition, while the lawsuit is proceeding, you may be required to assist the attorneys, answer written questions, sit for depositions and/or testify in court.

**4.    What happens if I do not join the lawsuit?**

If you choose not to return the Consent Form, you will not be affected by any judgment or settlement reached with respect to the federal claims in this case, whether favorable or

unfavorable. If you decide not to sign the Consent Form to join the lawsuit, this will affect only your participation in the federal overtime and minimum wage claims and may not apply to other claims in the case. Furthermore, you will be free to file your own lawsuit. However, the existence of this lawsuit will not stop the time limits from expiring with respect to any claims you might have under federal law, unless and until you have signed a Consent Form and it is filed with the court. **In other words, you may lose some or all of your rights if you do not act now.**

### 5. How quickly must I act to join the lawsuit and what must I do?

If you decide to join the lawsuit, you should act quickly. Every day that passes in which you do not join the lawsuit, potentially reduces any recovery you might receive due to the statute of limitations.

Enclosed is a "Consent Form" and an envelope addressed to the attorneys representing the salon workers in this lawsuit, pre-addressed and postage-paid for your convenience.

If you wish to join in this lawsuit, you must read, sign and return the attached Consent Form to the lawyers at the address below before **[INSERT DATE 180 days from the date of notice].** The lawyers will file the Consent Form with the Court. Alternatively, you may file the form on your own directly with the Court.

If you fail to return the completed Consent Form to the lawyers or the Court before the deadline, you may not be able to participate in this lawsuit. That means you bear the risk of any non-delivery or delay in delivery and filing of the Consent Form.

If you wish to join the lawsuit, please mail the Consent Form in the enclosed envelope to the salon workers' lawyers at:

**Justin Reilly, Esq.**
**Neil H Greenberg & Assoc. P.C.**
900 Merchants Concourse, Suite 214
Westbury, NY 11590

Telephone: (516) 228-5100   Fax: (516) 228-5106
E-mail: justin@nhglaw.com

### 7. What if I am still employed by Cactus Salon?

Federal law prohibits Defendants from retaliating or discriminating against you in any way if you choose to take part in this lawsuit.

### 8. What if I have questions?

Please do not call the Court. You may contact the salon worker's lawyers.

## CONSENT FORM

Consent to Become Party Claimant Under the Fair Labor Standards Act (FLSA)


I work or have worked for Cactus Salon & Spa's LLC at any time since May 5, 2005 as a hair stylist or shampoo assistant.

I hereby consent to become a plaintiff, pursuant to 29 U.S.C. §216(b), in the action presently entitled Sarah Monger, et.al. v. Cactus Salon & Spa's LLC, et.al., Case No. 08-CV-1817 (E.D.N.Y.).

I designate Sarah Monger and/or Manuel Osegueda, and their court authorized substitutes, as class representatives to make decisions on my behalf concerning the method and manner of conducting this litigation, the entering of an agreement with counsel concerning attorneys' fees and costs, and all other matters pertaining to this litigation, including the asserted state law claims.

I hereby designate the law firms of Neil H Greenberg & Assoc. P.C. and Gordon Law Group, LLP to represent me in this action, including the asserted state law claims.

Dated: _____

_____
**(signature here)**

_____
**(print name here)**


**Mail or Fax to:**          **Fax:   (516) 228-5106**

Justin Reilly, Esq.
**NEIL H GREENBERG & ASSOC. P.C.**
900 Merchants Concourse, Suite 214
Westbury, NY 11590


Telephone:  (516) 228-5100

**\*\*\*\* INFORMATION SHEET\*\*\*\***

Although this information is not necessary for you to join this lawsuit, we ask that you print the following information so we may stay in touch with you:

Name: _____

Address: _____

_____

Telephone number: _____

E-mail address: _____

**Mail or Fax to:**          **Fax:   (516) 228-5106**

Justin Reilly, Esq.
**NEIL H GREENBERG & ASSOC. P.C.**
900 Merchants Concourse, Suite 214
Westbury, NY 11590

Telephone:  (516) 228-5100

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
SARAH MONGER and MANUEL                          Civil Action No.: 08 CV 1817
OSEGUEDA, individually and on behalf             (FB) (WDW)
of others similarly situated persons,

                              Plaintiffs,

        -against-

CACTUS SALON & SPA'S LLC,
MANE, INC., and JOSEPH SECRETI,

                              Defendants.
-------------------------------------------------X

### DECLARATION OF SARAH MONGER

        I, Sarah Monger, hereby declare under the penalty of perjury pursuant to 28
U.S.C. section 1746 that the following is true and correct:

        1. I am over the age of twenty-one, able to testify, and if called to testify I would
tell the Court all of what I have stated in this Declaration.

        2. I worked as a hair stylist at Cactus Salon from approximately October, 2006 to
approximately June, 2007.

        3. During my employment, Cactus Salon had many locations.

        4. I worked at the Cactus Salon located at 371 South Oyster Bay Road, Plainview,
New York.

        5. There were at least fifty employees that worked at the South Oyster Bay
location. Many of these employees were shampoo assistants and hair stylists.

        6. I regularly worked more than forty hours a week.

        7. I was paid eighty dollars a day, and I also received tips. But, I never received
time-and-a-half for any hours I worked over forty hours a week.

        8. During my employment at Cactus Salon, I was never given a lunchtime meal
break, and when I worked in the evening hours, I was never given a dinnertime meal
break. I always had to be on the floor in case a customer needed to be serviced.

9. My job duties as a hair stylist were to cut, style, highlight, and blow-out hair for Cactus Salon's customers. The other hair stylists at the South Oyster Bay location had the same job duties.

10. I never supervised any employees and neither did any of the other hair stylists. We cut customers' hair.

11. During my employment at Cactus Salon, every Monday there was a class that Cactus Salon held at the Cactus Salon location on Old Country Road in Plainview, New York. Monday was the only day during the week that Cactus Salon was closed. Cactus Salon wanted all of their employees to go to these classes for three hours.

12. In December, 2006, I attended the Cactus Salon Holiday party at the Carlton in Eisenhower Park. There were at least a couple of hundred Cactus Salon employees at this party that came from many different Cactus Salon locations.

13. I believe that the hair stylists employed at the Cactus Salon locations are subject to the same policies, procedures and pay rates that I was subjected to. I also believe that no other hair stylist has received pay for overtime hours worked.

14. There will surely be other hair stylists that will take part in this lawsuit if they are made aware of it and advised of their rights.

Signed under the penalties of perjury this _9th_ day of October, 2008

SARAH MONGER

# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
SARAH MONGER and MANUEL                    Civil Action No.: 08 CV 1817
OSEGUEDA, individually and on behalf       (FB) (WDW)
of others similarly situated persons,

                            Plaintiffs,

        -against-

CACTUS SALON & SPA'S LLC,
MANE, INC., and JOSEPH SECRETI,

                            Defendants.
-----------------------------------------------------X

### DECLARATION OF MANUEL OSEGUEDA

        I, Manuel Osegueda, hereby declare under the penalty of perjury pursuant to 28
U.S.C. section 1746 that the following is true and correct:

        1. I am twenty-one years of age, able to testify, and if called to testify I would tell
the Court all of what I have stated in this Declaration.

        2. I worked as a shampoo assistant at Cactus Salon from approximately February,
2006 to approximately May, 2007.

        3. During my employment, Cactus Salon had many locations.

        4. Although I was originally hired to work at the Cactus Salon on Jericho
Turnpike in Syosset, New York, I was reassigned to the Cactus Salon located at 371
South Oyster Bay Road, Plainview, New York because the South Oyster Bay location
needed more workers.

        5. There were at least fifty employees that worked at the South Oyster Bay
location. Many of these employees were shampoo assistants and hair stylists.

        6. I regularly worked more than fifty hours a week.

        7. I was paid five dollars an hour for the hours I worked when Cactus Salon was
actually open to the public. I also received tips.

        8. In the mornings, I had to come in an hour before the salon opened. I was never
paid for working this hour. In the evenings when I worked until closing, I had to stay an
extra hour or sometimes longer after the salon closed to help clean up. I was never paid

for this time either.  And, I didn't receive time-and-a-half for any hours I worked over forty hours a week.

9. During my employment at Cactus Salon, I was never given a lunchtime meal break, and when I worked in the evening, I was never given a dinnertime meal break.  I always had to be on the floor in case a customer needed to be washed or something else needed to be done.

10. My job duties as a shampoo assistant were to wash hair, sweep, clean, and do laundry.  These were the same job duties as the other shampoo assistants.

11. I never supervised any employees.  The other shampoo assistants did not supervise any employees either.  We washed customers' hair.

12. My job as a shampoo assistant for the salon on Jericho Turnpike in Syosset, New York had the same duties, schedules and pay rates as the position at South Oyster Bay.

13. During my employment at Cactus Salon, every Monday there was a class that Cactus Salon held at the Cactus Salon location on Old Country Road in Plainview, New York.  Monday was the only day during the week that Cactus Salon was closed.  Cactus Salon wanted all of the shampoo assistants to go to these classes for three hours.  When I went to a class, I met a number of shampoo assistants from the other Cactus Salon locations.

14. In December, 2006, I attended the Cactus Salon Holiday party at the Carlton in Eisenhower Park.  There were at least a couple of hundred Cactus Salon employees at this party that came from many different Cactus Salon locations.

15. I believe that all of the shampoo assistants at the Cactus Salon locations are subject to the same policies, procedures and pay rates that I was subjected to.

16. There will surely be other shampoo assistants that will take part in this lawsuit if they are made aware of it and advised of their rights.

Signed under the penalties of perjury this ___9th___ day of October, 2008

MANUEL OSEGUEDA