ORIGINAL
D&F
C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SARAH MONGER and MANUEL OSEGUEDA,
individually and on behalf of other similarly
situated persons,

        **MEMORANDUM AND ORDER**
        Case No. 08-CV-1817 (FB) (WDW)

           Plaintiffs,

  -against-

CACTUS SALON & SPA'S LLC, MANE, INC.,
and JOSEPH SECRETI,

           Defendants.
-----------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 10 2009 ★
BROOKLYN OFFICE

*Appearances*
*For the Plaintiffs:*
JUSTIN M. REILLY, ESQ.
Neil H. Greenberg & Associates
900 Merchant Concourse
Suite 314
Westbury, NY 11590

*For the Defendants:*
JOSHUA A. MARCUS, ESQ.
Franklin & Gringer PC
666 Old Country Road
Suite 202
Garden City, NY 11530

**BLOCK, Senior District Judge:**

        The plaintiffs, Sarah Monger ("Monger") and Manuel Osegueda ("Osegueda"), are two former employees of the defendants' hairdressing salon located on South Oyster Bay Road in Plainview, New York. Plaintiffs have alleged minimum-wage and overtime violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law. They seek the certification of a class of all Cactus Salon employees with jobs similar to theirs (Monger was a hair stylist and Osegueda was a shampoo assistant[1]) for the last three years who were

---

[1] A shampoo assistant's duties are to "wash hair, sweep, clean, and do laundry." Osegueda Decl. ¶ 10.

1

paid in violation of federal overtime and federal minimum-wage requirements.

# I

The plaintiffs have submitted declarations attesting that they "believe" that other Cactus Salon employees are subject to the "same policies, procedures and pay rates" and were not paid for overtime as required by the FLSA. *See* Monger Decl. ¶ 13; Osegueda Decl. ¶ 15-16. Defendants have submitted payroll records for the South Oyster Bay location showing that, at that location, four employees other than the plaintiffs were not paid time-and-a-half for overtime. *See* Langley Aff., Ex. A. Neither party has presented evidence regarding the pay of employees at any of the defendants' twenty-five other salon locations.

Although the plaintiffs have alleged federal minimum-wage violations, they have not adduced any evidence that other Cactus Salon employees were victims of such violations. The only evidence they have submitted regarding minimum-wage violations is a declaration from another employee at the South Oyster Bay Road location, Eva Flood, who attests that she was required to work before the salon opened and after it closed and was not paid for those hours. *See* Flood Decl. ¶ 11. However, to show a federal minimum-wage violation, an employee must show that her *weekly* pay divided by the number of hours she worked in that week yielded an hourly rate for the whole week that was lower than the statutory minimum wage. *See United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 490 (2d Cir. 1960) (The FLSA's "purpose is accomplished so long as the total weekly wage paid by an employer meets the minimum weekly requirements of the statute, such minimum weekly requirement being equal to the number of hours actually worked that week

2

multiplied by the minimum hourly statutory requirement."); *Caci v. Wiz of Lake Grove, Inc.*, 267 F. Supp. 2d 297, 299-300 (E.D.N.Y. 2003) (collecting cases). It does not matter that an employee is required to work "off the clock" for any given number of hours if her pay for the entire week is sufficient to maintain the statutory hourly rate when averaged over all the hours worked during that week. Furthermore, Eva Flood — like the plaintiffs — received tips, and employers are permitted to credit tips toward their employees' minimum wage, *see* 29 U.S.C. § 203(m); there is no evidence that Eva Flood was not paid sufficient tips to satisfy the FLSA.

## II

Plaintiffs have moved for conditional certification of a collective action under the FLSA, which provides a right of action for "any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). "Unlike [Federal Rule of Civil Procedure] 23, section 216(b) of the FLSA requires no showing of numerosity, typicality, commonality, or representativeness." *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 369 (S.D.N.Y. 2007). There is a two-step procedure: at the first step the plaintiff has a minimal burden of making "a modest factual showing" on the pleadings and affidavits, *Laroque v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346, 352 (E.D.N.Y. 2008), that the potential class members are similarly situated to the plaintiffs. If the plaintiff carries the burden, the court conditionally certifies the class and allows notice to be sent to the putative class members. At the second step, after discovery, the court examines the evidence with a higher degree of scrutiny and may decertify the class if the putative class

3

members are not similarly situated. *See Summa v. Hofstra Univ.*, No. CV 07-3307, 2008 WL 3852160, at *2 (E.D.N.Y. Aug. 14, 2008) (describing the second step).

The plaintiffs' allegations and the defendants' payroll records are sufficient to certify a class of all the hair stylists and shampoo assistants at the defendants' South Oyster Bay salon who were not paid overtime in accord with FLSA. *See Sobczak v. AWL Industries, Inc.*, 540 F. Supp. 2d 354, 362 (E.D.N.Y. 2007) ("Courts regularly grant motions for approval of a collective action notice based upon employee affidavits setting forth a defendant's plan or scheme to not pay overtime compensation and identifying by name similarly situated employees." (internal quotation marks omitted)). However, the evidence is insufficient to include federal minimum-wage violations in the class claims, as the plaintiffs have produced no evidence of any minimum-wage violations.

Further, the plaintiffs' evidence is insufficient to justify a class certification of either overtime or minimum-wage claims in behalf of Cactus Salon employees at locations other than South Oyster Bay Road. Plaintiffs' only evidence that other locations' employees are similarly situated is that they "believe" that all hair stylists and shampoo assistants are subject to the same polices. They offer no basis for this belief; they name no individuals at other salons who are similarly situated; and they provide no documentary evidence that policies are the same at different Cactus Salon locations. *See Laroque*, 557 F. Supp. 2d at 355-56 (certifying class for one Domino's location but denying certification for other locations where plaintiffs' only evidence that other employees were similarly situated was one employee's affidavit regarding his experience at another store and several pieces of hearsay);

4

*Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628, 633 (S.D.N.Y. 2007) (reasoning that plaintiff's "uncorroborated statements" that other workers were similarly situated may not be enough to support class certification at the first stage).

Accordingly, the Court conditionally certifies a collective action pursuant to 29 U.S.C. § 216(b); the class shall consist of all persons employed by the defendants at the South Oyster Bay Road location in Plainview during the last three years as hair stylists or shampoo assistants who were not compensated in accord with the FLSA's overtime requirements. The defendants are directed to provide the plaintiffs with the names and addresses of all of the individuals in the class.

The plaintiffs submitted a proposed notice to the class, but the defendants objected to several provisions. The plaintiffs agreed to many of the defendants' changes and submitted a final proposed notice. The remaining points of contention are: (1) whether plaintiffs' federal and state minimum-wage claims should be mentioned in the notice, (2) whether to include language to the effect that the representative plaintiffs will be the "agents" of the class, and (3) whether to mention that plaintiffs' counsel is being paid on a contingency fee basis. The form of notice to the class in a FLSA collective action is left to the discretion of the district court. *See Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 106 (S.D.N.Y. 2003) ("No courts have specifically outlined what form court-authorized notice should take, or what provisions notice issued pursuant to § 216(b) should contain. The United States Supreme Court has abstained from reviewing the contents of a proposed notice under § 216(b), noting that such 'details' should be left to the broad discretion of the

5

trial court." (citing *Hoffman-LaRoche*, 493 U.S. at 170)).

First, the defendants argue that including the federal and state minimum-wage claims in the notice will confuse potential class members, since those claims are not being certified as part of the collective action.[2] However, the minimum-wage claims should be included in the notice so that potential class members can understand just what is at stake in the litigation: "Given that a potential plaintiff with both FLSA claims and state law claims would consider whether or not a state action was also being brought relevant to his decision whether to opt in to pursue his FLSA claims, [the Court] find[s] the reference to state law proceedings appropriate." *Guzman v. VLM, Inc.*, No. 07-CV-1126, 2007 WL 2994278, at *7 (E.D.N.Y. Oct. 11, 2007). The Court stresses that these claims are not being certified; they should be included in the notice *only* to alert potential class members to the part minimum-wage claims may play in the litigation.

Second, the defendants' proposed notice describes the class representatives as "agents" of the class; the plaintiffs object to this language. The Court is aware of one case in which notice to potential class members that included a description of the class representative as an "agent" of the class members was approved, *Iriarte v. Redwood Deli & Catering, Inc.*, No. CV-07-5062, 2008 WL 2622929, at *6 (E.D.N.Y. June 30, 2008), although the decision did not specifically discuss the issue. However, defendants do not argue that a

---

[2] The state-law claims cannot be certified as part of an FLSA collective action; on the other hand, the federal minimum-wage claims arise under the FLSA and thus could be so certified, but they will not be unless and until the plaintiffs produce evidence that other Cactus Salon employees' wages did not satisfy the federally mandated minimum wage.

description of representatives as "agents" is normally part of notice to class members, nor do they give any reason that it is necessary in this case. On the contrary, the invocation of language referring to agency may confuse potential class members into thinking that Monger and Osegueda are something other than representatives of the class. The plaintiffs are not required to describe the class representatives as "agents."

Third, the plaintiffs' final proposed notice does not mention that their attorney is paid on a contingency fee basis, while the defendants' proposed notice does mention that fact. Since potential class members may find the fee arrangement with the attorneys litigating on behalf of the class relevant to their decision regarding whether to opt in, the contingency fee arrangement should be explained in the notice.

Thus, the plaintiffs' final proposed notice, Docket Entry #17, Pl.'s Reply Mem. of Law in Supp. of Mot. for Notice, Ex. C, will be approved when the plaintiffs have made two modifications: (1) the notice shall explain that the plaintiffs' attorney is being paid on a contingency fee basis, and (2) the description of the class must be limited to similarly situated employees who have worked at the South Oyster Bay location and were not paid overtime.

Finally, the Court denies the plaintiffs' request that it order the defendants "to refrain from engaging in communications or activities that may improperly influence, mislead or discourage putative plaintiffs from joining this action." Pl.'s Mem. of Law in Supp. of Mot. for Notice at 2-3. Plaintiffs offer no authority for the propriety of such an order, nor do they allege any facts, such as prior instances of improper communications, that would justify the relief requested.

**SO ORDERED.**

s/FB

FREDERIC BLOCK
Senior United States District Judge

Dated: Brooklyn, New York
July 6, 2009

8